UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGELO SAVAGE,

                             Plaintiff,           12-cv-2690 (NSR)(PED)
   -against-                                 OPINION AND ORDER

JOHN GOULD PATROLMAN #225,

                             Defendant.
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Angelo Savage ("Plaintiff"), proceeding *pro se*, commenced this action on April 3, 2012 against John Gould, a John Doe police officer, Victoria Scala, Steve Lieberman, and Good Samaritan Hospital stemming from incidents related to Plaintiff's arrest on February 26, 2012. John Gould is the only remaining Defendant and he moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. This case was previously assigned to the Honorable Judge Edgardo Ramos. It was reassigned to the undersigned on July 12, 2013.

I.     Background

Plaintiff filed his Complaint on April 3, 2012 and his application to proceed *in forma pauperis* was granted on April 11, 2012. On July 18, 2012, Defendant Good Samaritan Hospital filed a motion to dismiss. After receiving a request from Plaintiff to extend his time to respond to the motion to dismiss and file an amended complaint, Judge Ramos granted Plaintiff until September 30, 2012 to oppose the motion to dismiss and until October 30, 2012 to file an amended complaint. Plaintiff failed to do either.

On January 11, 2013, Judge Ramos issued an order dismissing Plaintiff's claims against Good Samaritan Hospital unless Plaintiff filed an opposition to the motion to dismiss within 30



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2014

1

days. The order also required Plaintiff to respond within 30 days as to why Defendant Scala had not been served with the Complaint. Plaintiff did not respond and on February 28, 2013, the Court dismissed the claims against Good Samaritan Hospital and Victoria Scala. The Order issued on February 28, 2013 also directed Plaintiff to show cause as to why the case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute.

On April 4, 2013 an undated letter from Plaintiff was filed with the Court in which Plaintiff requested additional time to pursue his case. The Court granted Plaintiff until May 20, 2013 to respond to the Order to Show Cause. On May 20, 2013, Plaintiff sent the Court a letter in which he requested leave to amend his complaint to add an additional defendant. The Court granted Plaintiff until July 15, 2013 to file an amended complaint. On July 12, 2013 this case was reassigned to the undersigned. Plaintiff did not file an amended complaint. No activity has taken place in this case from the reassignment until the remaining Defendant filed the instant motion to dismiss for failure to prosecute in May 2014. Plaintiff did not respond to Defendant's motion and it was determined that he did not receive the motion because he was no longer incarcerated at the facility provided to the Court. It was determined that Plaintiff was transferred from Rockland County Jail to Bare Hill Correctional Facility. The Court provided Plaintiff an additional 30 days to respond to the motion. Due to defense counsel's delay in reserving the motion papers, Plaintiff was finally granted until August 11, 2014 to oppose the motion. The Court received Plaintiff's opposition on August 13, 2014.

## II.     Legal Standard

Dismissal for failure to prosecute is governed by Rule 41(b) of the Federal Rules of Civil Procedure. The Rule states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the

dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Gonzalez v. Comm'r of Social Security*, No. 09 Civ. 10179(RJS), 2011 WL 2207574, at \*1 (S.D.N.Y. June 2, 2011).

Dismissal is a "harsh" remedy that should be imposed only in the most "extreme" situations. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The decision to dismiss pursuant to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994). There are several factors that a district court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d 532, 535 (2d Cir. 1996). "Generally, no one factor is dispositive." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (citation omitted). "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

### III.  Discussion

After weighing each of the five factors noted above, this Court determines that dismissal is proper. The first factor looks to the length of time that Plaintiff has failed to comply with the court's order. In this case, it has been almost a year since Plaintiff's most recent failure to

Case 7:12-cv-02690-NSR   Document 42   Filed 09/11/14   Page 4 of 5

comply with this Court's order. Further, this most recent failure is not the first time that Plaintiff has failed to comply with an order from this Court's. On multiple occasions, Plaintiff has failed to respond to the Court's orders in a timely manner. Plaintiff caused this case to sit idle for more than six months while Good Samaritan Hospital's motion to dismiss was pending. Plaintiff failed to oppose the motion to dismiss within the time granted by the Court and failed to respond to the Court's subsequent Order to Show Cause as to why the motion to dismiss should not be granted. On the last day provided Plaintiff to respond to the Court's Order to Show Cause as to why the entire *case* should not be dismissed, Plaintiff requested leave to amend his Complaint, which the Court granted. Since then, this case has not progressed for over a year due to Plaintiff's failure to respond as directed by the Court.

     The second factor asks whether Plaintiff is on notice that failure to comply will result in dismissal. Plaintiff has already faced a motion to dismiss for failure to prosecute under Rule 41(b). The Order entered by this Court on February 28, 2013 was clear that the result of the Plaintiff's failure, from August 15, 2012 until February 28, 2013, to respond would be that the case would be dismissed pursuant to Fed. R. Civ. P. 41(b). Defense counsel informed the Court that its motion to dismiss for lack of prosecution and the cover letter accompanying the motion were both returned to Defendant. Upon inquiry, the Rockland County Department of Corrections informed defense counsel that Plaintiff was no longer incarcerated at the Rockland County Jail. Plaintiff's current address on file with the Court and on the Electronic Court Filing system indicates that his address is the Rockland County Jail. Plaintiff did not inform the Court of any change in address. "The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." *Alomar v. Recard*, No. 07-CV-5654 (CS)(PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (internal citation and quotation marks omitted).

It was determined that Plaintiff had transferred facilities and is now incarcerated at Bare Hill Correctional Facility. Thus, due to Plaintiff's failure to notify the Court of his change of address, this litigation was further delayed.

Although Plaintiff's opposition to Defendant's motion to dismiss for lack of prosecution states that he was not on notice that further delays would result in dismissal, the record reflects otherwise. Plaintiff was previously on notice, due to an Order entered by Judge Ramos on February 28, 2013 that Plaintiff's continued failure to move forward in this case would result in dismissal for failure to prosecute.

Considering the other factors, the Court concludes that dismissal for failure to prosecute is warranted here. This case was filed in April 2012 and has not moved past the pleading stage, solely due to Plaintiff's failure to respond to the Court or take any action to further the course of the litigation. For this and all of the foregoing reasons, Defendant's motion is GRANTED.

IV. Conclusion

Accordingly, Defendant's motion to dismiss for failure to prosecute is GRANTED. The Clerk of the Court is respectfully requested to terminate this motion (Docket No. 31) and close this case.

Dated: Sept. 11, 2014
White Plains, New York

SO ORDERED:

_____  9/11/14
NELSON S. ROMÁN
United States District Judge